## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Hirschvogel Incorporated, | : | |
| | : | Case No. 2:17-cv-000458 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Graham |
| | : | |
| Allison Transmission, Inc. | : | Magistrate Judge Deavers |
| | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Hirschvogel Incorporated, ("Defendant") and Defendant Allison Transmission, Inc. ("Plaintiff") ask the Court to enter this protective order in the above-captioned case to facilitate the exchange of discovery materials among the parties, to protect confidential business or proprietary information as well as other sensitive information. The Court, having considered the motion and for good cause, hereby enters the following protective order pursuant to the Court's authority under Fed.R.Civ.P. 26(c):

IT IS HEREBY ORDERED that "Confidential Information", as defined herein, produced by the parties is hereby subject to the terms of this Order and is produced pursuant to and because of this Order.

IT IS HEREBY FURTHER ORDERED:

**A.    Definition of Confidential Information**

1.    "Confidential Information," as used in this Order means information produced or provided during the course of this action which a party in good faith believes constitutes confidential, sensitive, or proprietary information and is stamped by the party producing the material with the notation "Confidential" or "Confidential – Attorneys' Eyes Only" to signify that it contains documents, information or testimony believed to be Confidential Information

pursuant to paragraph B hereof. For purposes of this Agreement and Order, the term

"document" shall have the meaning as defined in Federal Rule of Civil Procedure 34(a).

**B.**     <u>Procedure for Designating Material as Confidential Information</u>

    1.     A party who believes in good faith that information constitutes "Confidential

Information" shall designate the material as confidential by stamping or otherwise marking the

notation "Confidential" or "Confidential – Attorneys' Eyes Only" on at least the first page of

such designated document or by other means that notifies the parties that the information is

subject to this Protective Order. In lieu of marking originals, the producing party may mark

copies of the documents that are produced or exchanged. With respect to electronic data or

information, the designating party may designate such material as confidential by marking the

notation "Confidential" or "Confidential – Attorneys' Eyes Only" on a label affixed to the disk,

tape, or other medium on which the information is stored or by other means that notifies the

parties that the information is subject to this Protective Order.

    2.     If a party wishes to designate a portion of any deposition as Confidential

Information because that portion involves discussion of Confidential Information, that party shall

so designate the portion during the deposition. The court reporter shall segregate the designated

portion(s) from the remainder of the transcript. A party may similarly designate a portion of a

deposition transcript as Confidential Information within five (5) calendar days of receipt of the

transcript by providing the designated pages and line numbers to the other party. All copies of

deposition transcripts that contain Confidential Information shall be prominently marked

"Confidential" or "Confidential – Attorneys' Eyes Only" on the cover.

3. All Confidential Information in any affidavits, briefs, memoranda, or other papers filed with any court shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only".

4. A party may designate as Confidential Information any documents, information or testimony produced or furnished in this matter by it or a non-party who came into possession of such information under circumstances in which the confidentiality was not waived as a matter of law, including, but not limited to, attorneys, experts, accountants, consultants, health care providers, appraisers, agents and employees, by informing opposing counsel in writing of such designation within ten (10) calendar days of receipt of the document, information or testimony.

5. Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a party's claim to its confidential nature or estop that party from designating the document or information as "Confidential" at a later date through a supplemental written notification. Upon receipt of such a supplemental written notice, counsel for the Receiving Party shall undertake to recover from any person to whom such Confidential Information was disclosed all copies and abstracts of the Confidential Information that is the subject of the supplemental written notice and shall instruct all persons who viewed the material as to the appropriate treatment thereof. Disclosure of the document or information by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

## C. Qualified Persons with Access to Confidential Information

The good faith designation of documents, information or testimony as Confidential Information shall mean that such shall be used only for the litigation, trial and/or settlement of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

1. The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action, as well as designated in-house counsel for a party;

2. The producing party to this litigation and its agent and employees, employees;

3. Independent consultants and/or experts retained by the parties or counsel to work on the action who agree to abide by this Order, provided that before making disclosure of Confidential Information to outside experts or consultants, the party must obtain that person's agreement signified by signature on the attached Attachment A.;

4. Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure

5. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

6. The Court and Court personnel.

Each individual listed in 1-3 above, shall be deemed to be an agent of Plaintiff and/or Defendant, whichever party discloses the information to them, and that party shall be responsible for any disclosure of Confidential Information beyond that authorized in this Protective Order.

## D. Restrictions on the Use and Disclosure of Confidential Information

1.      Persons obtaining access to items designated as "Confidential" shall use the information solely for the litigation, trial and/or settlement of this action.

2.      Confidential Information shall not be shown to (except in connection with an interview conducted by or under the supervision of counsel), and copies shall not be provided, to witnesses except during depositions under the following circumstances. Any party may use Confidential Information during depositions provided that (a) the witness is an author, addressee, recipient, or source of the Confidential Information; (b) the witness is a current or former employee of the producing party or non-party that produced the Confidential Information; (c) the witness is likely to have had knowledge of the material to be disclosed that is designated Confidential Information; or (d) the witness is one of the persons listed above in Section C.

3.      If a party wishes to file with the Court any Confidential Information, the party must follow these procedures:

     a.  Before any party seeks to file Confidential Information under seal with the Clerk, the filing party shall first consult with the producing party who originally designated the document(s) to determine whether, with the producing party's consent, the document(s) or a redacted version may be filed with the Court not under seal.

     b.  Where agreement is not possible or adequate, a party seeking to file a document under seal shall, consistent with Local Rule 5.2.1, (i) seek leave of Court to file the document(s) under seal; (ii) if leave is granted, comply with the Court's practice for electronic filing of documents under seal; (iii) if leave is refused, seek agreement between the parties regarding appropriate designation of the materials and, absent agreement, seek Court resolution of such designation.

c. To the extent that it is necessary for a party to discuss the content of Confidential Information in a written filing with the Court, then such portion of the filing may be filed under seal with leave of Court. In such circumstance, counsel shall prepare two versions of the filing, a public and confidential version. The public version shall contain a redaction of references to information designated Confidential or Confidential-Attorneys' Eyes Only. The confidential version shall be a full and complete version of the filing and shall be filed with the Clerk under seal as above. A copy of the unredacted filing also shall be delivered to the Court's chambers.

d. To the extent the Court grants permission to file a document under seal, that particular document shall be filed under seal without publicly disclosing the content of any information designated Confidential or Confidential-Attorneys' Eyes Only in the body of the brief, memorandum, or filing.

e. If the Court or a particular judicial officer develops an alternative method for the electronic filing of documents under seal, the Parties shall follow that alternative method and shall not file any documents or pleadings manually with the Clerk.

4. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Order.

5.      Neither the parties nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted in this Order.

### E.      Confidential – Attorneys' Eyes Only

Information designated in good faith as "Confidential – Attorneys' Eyes Only" shall be disclosed only to counsel of record for the parties, designated in-house counsel for the parties, paralegal assistants, and clerical employees working directly on the Action under the supervision of such attorneys. "Confidential Attorney's Eyes Only" information may also be disclosed to the Court or to a court reporting service as provided in Paragraph D.3. A party may use Information designated as "Confidential-Attorneys' Eyes Only" during a deposition provided that (1) the witness is an author, addressee, recipient, or source of the Information; (2) the witness is an appropriate 30(b)(6) designee of the producing party; or (3) the witness is one of the persons otherwise listed in this section. Other than the foregoing circumstances, absent consent of the disclosing party (which shall not unreasonably be withheld), the party seeking to disclose such Information must apply for an appropriate ruling from the Court.

### F.      No Admission or Waiver

1.      Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any individual waiver of privilege constitute a general waiver of privilege or protection.

2.     If the receiving party determines that the producing party inadvertently produced Privileged Material, the receiving party shall immediately return the Privileged Material to the producing party.

3.     If the producing party determines that it inadvertently produced Privileged Material, the party may, within ten (10) days after the producing party actually discovers that such inadvertent production or disclosure occurred, notify the other party that such Privileged Material was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the receiving party, the receiving party shall: **(a)** promptly return the specified Privileged Material and any copies thereof; **(b)** retrieve from any third parties to which the receiving party has disclosed such Privileged Material and any copies thereof, and any notes or any other documents or ESI such third party created that reflect the contents of the Privileged Material; **(c)** destroy, and certify such destruction to the producing party, of any notes or any other documents or ESI it or third parties created that reflect the contents of the Privileged Material; and **(d)** refrain from disclosing the substance of such Privileged Material to any third-party. By complying with these obligations, the receiving party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of such Privileged Material. In the event of a challenge by the receiving party to the assertion of privilege with respect such inadvertently produced document or ESI, the party asserting the privilege shall submit such document or ESI to the Court for in camera inspection.

4.     Nothing in this Protective Order is intended to alter any professional conduct or ethics requirements with respect to inadvertently produced information.

G.     **Jurisdiction and Return of Documents**

1.     This Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

2.     Within ten (10) calendar days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the parties shall be returned to their respective counsel. Nothing in this paragraph shall preclude counsel for either party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims. If counsel for either party has a good faith belief that work product abstracts or summaries of Confidential Information must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

## H.     Dispute as to Confidential Information Designation

1.     If any party believes that a document, testimony or other information that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is not entitled to be treated as such, the party will notify the designating party of its disagreement with the confidential designation. Counsel for the parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, testimony or information within ten (10) calendar days after the opposing party has advised the producing party of its disagreement with the confidential designation. If the matter is not resolved by the parties themselves, the party claiming the confidential status of documents, information or testimony shall bring the dispute before the Court for a determination and have the burden of proof.

2.      Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be provided by this Order or directed by this Court. Nothing in this Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Order; any such amendments shall be agreed upon by counsel for both parties and subject to Court approval.

3.      The provisions of this Order shall apply from the date this Order is signed to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Order.

4.      The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

IT IS SO ORDERED.

Magistrate Judge Elizabeth Preston Deavers

Agreed to by:

| | |
|---|---|
| /s/ Peter A. Lusenhop | /s/ Steven D. Forry |
| Peter A. Lusenhop (0069941), Trial Attorney | Steven D. Forry (0075520), Trial Attorney |
| Christopher C. Wager (0084324) | Drew J. Miroff (Admitted Pro Hac Vice) |
| Vorys, Sater, Seymour and Pease LLP | Adam D. Zacher (Admitted Pro Hac Vice) |
| 52 E. Gay Street | Ice Miller LLP |
| Columbus, OH 43215 | 250 West Street |
| Telephone: (614) 464-6400 | Columbus, Ohio 43215 |
| Facsimile: (614) 464-6350 | Telephone: (614) 462-2254 |
| palusenhop@vorys.com | Facsimile: (614) 222-3435 |
| ccwager@vorys.com | Steven.Forry@icemiller.com |
| | Drew.Miroff@icemiller.com |
| *Counsel for Plaintiff Hirschvogel* | Adam.Zacher@icemiller.com |
| *Incorporated* | |
| | *Counsel for Defendant Allison Transmission,* |
| | *Inc.* |

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Hirschvogel Incorporated, | : | |
| | : | Case No. 2:17-cv-000458 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Graham |
| | : | |
| Allison Transmission, Inc. | : | Magistrate Judge Deavers |
| | : | |
| Defendant. | : | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**
**TO STIPULATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____ in the above-captioned action and attached hereto (the "Order"), understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court, Southern District of Ohio, Eastern Division in matters relating to the Order and understands that he/she is obligated to all of the protections and obligations set forth in the Order. The undersigned acknowledges that violation of the Order may result in penalties for contempt of Court.

Name: _____

Job Title: _____

Employer: _____

Business: _____
Address
_____

_____

Date:_____        _____
                                Signature

12